---

## THE BERN.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 232.

TOWAGE (§ 19*)—NEGLIGENT DISABLING OF TOW—RIGHTS OF CARGO OWNER.
The owner of a barge cargo of coal, on the disabling of the barge in New York Bay through the negligence of the tug, is not bound to transship the cargo and forward it to destination, but may in the exercise of its judgment in good faith sell it in New York, and the tug is liable for the damages sustained.

[Ed. Note.—For other cases, see Towage, Cent. Dig. § 41; Dec. Dig. § 19.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Boston Insurance Company against the steam tug Bern; the Philadelphia & Reading Railway Company, claimant. Decree for libelant, and claimant appeals. Affirmed.

This cause comes here upon a decree awarding damages to libelant against the tug. The barge Anna H. Costello, laden with coal and coming out of the Kills, in tow of the tug Bern, was stranded on the Staten Island shore through the admitted negligence of the tug. The shippers of the cargo abandoned it to underwriters. The underwriter accepted the abandonment and the carrier acquiesced in the termination of the adventure in New York. The underwriter, libelant here, sold the cargo in the port of New York and the damages have been assessed in this action against the tug.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Armstrong & Brown, Pierre M. Brown, and Wm. F. Purdy, all of New York City, for appellant.

Williams & Stevenson, of New York City (H. L. Cheyney, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The only question raised here is whether, in exercising his rights after the adventure was broken up by the inability of the barge to proceed—an inability caused by the negligence of the Bern—the cargo owner, or rather his successor, the underwriter, acted reasonably and with fairness towards the tug owner. As the case is presented the alleged improper action was the selling of the coal here. Respondent contends that it should have been transshipped, carried to its destination (New London), and there tendered to the consignee, and, in case of his refusal to accept, suit brought against the consignee.

It was, of course, the duty of the insurance company to make the loss as small as possible. As it was also its interest to do so, there is a ground of presumption that it acted at least in good faith. Whether it was better to transship and send the cargo forward or to realize the loss here was a question of judgment. The commissioner and the court below have found that the libelant exercised an honest judgment. There is nothing to show the contrary.

The burden of claimant's complaint is that, although the commissioner has found that the cargo was not injured, it was sold at considerably less than the market price. The cargo was not physically injured, but it was commercially injured, because coal coming from a boat which has been in a disaster never does get the full market price. If the claimant is contesting this case because, as it claims, it is frequently subjected to greater damage claims than necessary, the moral is that it should follow up the disposition made of the cargoes in this situation. If it thinks private sales do not give full value, it should ask the cargo owner to put the coal up at public sale, or it should ask for an opportunity to find buyers or to buy the coal itself. It cannot stand off, doing nothing, and then complain, in the absence of bad faith, that something better might have been done.

The decree is affirmed, with interest and costs.